UNITED STATES OF AMERICA, )
)
)
Plaintiff, )  CRIMINAL CASE NO. 5:21-CR-
) 00077-DCR-MAS-1
v. )
)  CIVIL CASE NO. 5:26-CV-00140-
JAMES GARFIELD CHARLES, )  DCR-MAS
)
)
Defendant. )
)

## ORDER

James Garfield Charles has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. [DE 191]. Pursuant to local practice, this § 2255 Motion has been referred to the undersigned for conducting preliminary review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

On January 20, 2022, a jury found Charles guilty of six charges related to drug trafficking and the unlawful possession of a firearm. [DE 164-1, Page ID# 1437–40; DE 82]. Several months later, Charles was sentenced to a total term of 380 months of imprisonment. [DE 104; DE 124]. Judgment was entered against him on May 9, 2022. [DE 104].[1] Charles appealed to the United States Court of Appeals for the

---

[1] Due to a clerical error, an Amended Judgment, containing the same sentence, was entered on June 1, 2022. [DE 124].

Sixth Circuit [DE 105], which affirmed Charles's Judgment on October 23, 2024.[2] [DE 164]. On April 21, 2025, Charles's petition to the United States Supreme Court for a writ of certiorari was denied. [DE 174].

On April 21, 2026, the Clerk of Court docketed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 filed by Charles. [DE 191, Page ID# 1885 (declaring the motion was signed on April 14, 2026, but not specifying when it was placed in the prison mailing system)]. A review of Charles's filing reveals certain deficiencies that must be corrected by him before he is able to further proceed with a § 2255 Motion.

Attached to the standard AO 243 Form, Charles submitted a memorandum that is more than fifty pages in length. [DE 191, Page ID# 1886–1941]. As explained in the Instruction sheet to the standard AO 243 Form (Motion Under 28 U.S.C. § 2255), "any such memorandum [accompanying the AO 243 Form] may be subject to page limits set forth in the local rules of the court where you file this motion." Charles's memorandum filing is more than double than the 25-page maximum permitted under Joint Local Civil Rule 7.1(d) and/or Joint Local Criminal Rule 47.1(e). *See Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017) (upholding district court's application of local rule, which set 20-page limit for memoranda in support of motions, to § 2255 motion filing). Charles will therefore be ordered to submit a new memorandum in support of his § 2255 Motion, not to exceed 25 pages.

---

[2] The Court of Appeals also affirmed Charles's Amended Judgment on October 23, 2024. [DE 166].

Accordingly, **IT IS ORDERED** as follows:

1. Within **thirty (30) days** from this Order, Charles shall file a new Memorandum in Support of his § 2255 Motion, which may not exceed 25 pages. **This new submission will be considered an Amended Memorandum in Support and will be substituted in place of Charles's current filing at DE 191-1.** *See United States v. Adkins*, No. 7:24-cr-3-DCR-CJS, at R. 74 therein (E.D. Ky. Jan. 22, 2026) ("While the filing date of [defendant's] original motion may be relevant in resolving issues in this collateral proceeding, the relief sought through the original motion is now superseded by the amended motion."); *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (noting that an amended 28 U.S.C. § 2254 habeas petition supersedes an earlier petition).

2. Charles is hereby on notice that his failure to comply with this Order could result in his § 2255 Motion being stricken by the Court.

Signed this the 21st of April, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY